# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE SPREWELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Case No.: 2:20-cv-11612 SVW (MRWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: June 6, 2022<br>Time: 1:30 p.m.<br>Location: First Street U.S. Courthouse<br><br>350 W. 1st Street<br>Courtroom 10A<br>Los Angeles, CA 90012 |

IT IS SO ORDERED.

DATED: June 8, 2022

_____
**STEPHEN V. WILSON**
**UNITED STATES DISTRICT JUDGE**

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL
*Sprewell, et al. v. Federal Express Corporation,* Case No. 20-cv-11612 SVW (MRWx)

# [~~PROPOSED~~] ORDER

Before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement (the "Motion"), which seeks final Court approval of the parties' Settlement of this action on the terms set forth in the Stipulated Joint Settlement Agreement (the "Settlement Agreement") between Plaintiff and Defendant Federal Express Corporation. ("Defendant"). No opposition or objection has been filed to the Motion or the Settlement Agreement. The Court has reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement, a copy of which was submitted with the Motion for Preliminary Approval (Exh. A to Konecky Decl. ISO Preliminary Approval, Dkt. No. 63-1). The Court has jurisdiction to consider the Motion and the relief requested therein, and venue is proper before the Court. Now, after due deliberation, and good and sufficient cause appearing;

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2. The Court has now considered Plaintiff's motion for final approval of the proposed class action settlement by weighing the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; and the extent of discovery completed, among other factors. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 850-51 (N.D. Cal. 2010) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992)). The Court concludes based on these factors, as well as the terms of the settlement itself and the history of the arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

**Certification of the Settlement Class**

3. The Court finds, for purposes of settlement, that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Class: (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of Plaintiff are typical of the claims or defenses of the Class Members; and (4) the Named Plaintiff has fairly and adequately protected the interests of the Class Members.

**Federal Rule of Civil Procedure 23(a)**

4. <u>Numerosity</u>: Plaintiff meets the criteria of Rule 23(a)(1) of the Federal Rules of Civil Procedure because there are more than 400 Class Members, making joinder impractical. Additionally, these Class Members are ascertainable through Defendants' records.

5. <u>Common Questions</u>: Plaintiff meets the criteria of Rule 23(a)(2) because the Class claims turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class-wide resolution for settlement purposes. The Court finds that for settlement purposes, the common questions raised by the Class Members, include: (a) the quantity and quality of personal protective equipment ("PPE") that Defendant provided to the employees; (b) whether Defendant reimbursed employees for PPE that they purchased on their own for work; and (c) the question to which employees are entitled to reimbursement for PPE under <u>California Labor Code § 2802</u> to carry out their job duties in the applicable setting.

6. <u>Typicality</u>: Plaintiff meets the criteria of Rule 23(a)(3) for settlement purposes because he asserts the same types of injuries arising from the same conduct by Defendants as the absent class members. All Class Members were subject to the same or similar policies regarding PPE and reimbursement for PPE and have the same or similar alleged injuries.

7. <u>Adequacy</u>: Plaintiff meets the criteria of Rule 23(a)(4) because he is an adequate class representative in that he does not have any conflicts with the Class, is committed to representing the interests of the members of the Class, and is represented by counsel with extensive experience and expertise in class action litigation, including employment class actions.

**Federal Rule of Civil Procedure 23(b)**

8. The Court finds, for purposes of settlement only, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are met because there are common questions of fact and law regarding Defendants' policies and procedures, including those identified above, that in the context of a settlement, predominate over any individual issues. Moreover, a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy because the injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible, and the class action settlement device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

9. For purposes of settlement only, the Class is certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of the Class, comprising all non-exempt employees who have worked at Defendant's CCD Station at 687 N. Eucalyptus Avenue in Inglewood, California, between January 30, 2020, and January 31, 2022.

10. For the purposes of facilitating the settlement, the Court designates Plaintiff Lee Sprewell as Class Representative. Also, for the purpose of facilitating the settlement, the Court designates Joshua G. Konecky, Nathan B. Piller, and Sarah McCracken of Schneider Wallace Cottrell Konecky LLP as Class Counsel.

## Final Approval of Settlement

11. The Court hereby grants final approval of the terms and conditions contained in the Settlement Agreement.

12. The Court finds that: (1) the settlement amount is fair and reasonable to the Class Members when balanced against the potential outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) the Parties conducted sufficient discovery, investigation, motion practice and research to enable them to reasonably evaluate the strengths, risks and merits for class certification, the underlying merits of the legal claims, and the range of potential damages; (3) settlement at this stage will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of informed, serious, and non-collusive negotiations between the Parties.

13. For all these reasons, the Court concludes that the Settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003).

14. The Court confirms its previous appointment of Phoenix Settlement Administrators as the Settlement Administrator.

15. The Court finds that due and proper notice of the Settlement was provided to all Class Members, including notice of the right to object to the proposed Settlement, including its provisions concerning attorneys' fees and costs and the service award, the right to opt out, the right to dispute his or her workweeks, and the right to appear and be heard in person or by counsel at the Fairness Hearing. The Court finds that the notice provided was the best means of providing notice to the Class Members under the circumstances. The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure

23(c)(2)(B), (e)(1), and (h)(1).

16. The Court finds that no class member has objected to the settlement or the motion for attorneys' fees and costs.

17. The Court finds that no class member has disputed his or her workweeks for calculating the settlement awards.

18. The Court finds that only one (1) of four hundred fifty-six (456) class members has requested to opt out of the settlement.

19. By separate orders, the Court finds that the award of Plaintiff's attorneys' fees and costs is fair, reasonable, and appropriate, and approves the service award to Plaintiff as well.

20. The Court approves payment to the Settlement Administrator, Phoenix Settlement Administrators, of $9,000 out of the Gross Settlement Amount, based on the declaration of Kevin Lee verifying the administrator's reasonable costs in fulfilling the settlement administration in this case.

21. The Court finds that the Agreement meets the requirements for approval of a settlement under PAGA, including the notice of the Settlement having been properly provided to the California Labor and Workforce Development Agency ("LWDA"). The Court finds that the LWDA has not objected to, and is deemed to have approved of, the terms of the Agreement.

22. The Court finds and determines that the PAGA Payment to be paid to the LWDA and the Class, in the sum of Fifteen Thousand Dollars ($15,000.00) is fair and reasonable. The Court hereby gives final approval and orders Eleven Thousand Two Hundred Fifty Dollars ($11,250.00) to be paid by the Settlement Administrator from the Gross Settlement Amount directly to the LWDA in accordance with the terms of the Agreement.

23. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved on a final basis pursuant to Federal

Rule of Civil Procedure 23(e). Specifically, the Court approves in full the Settlement Agreement attached as Exhibit A to the Declaration of Joshua Konecky in Support of the Motion for Preliminary Approval (Dkt. 63-1). The Parties shall comply with and implement the Settlement Agreement according to its terms.

24. The Settlement is not an admission by Defendants, nor is this Order a finding of the validity of any claims or allegations asserted in the Civil Action or of any wrongdoing by Defendant. Furthermore, the Settlement is not a concession by Defendants or any of the other Released Parties and shall not be used as an admission of any fault, omission, or wrongdoing by Defendant or any of the other Released Parties. Neither this Judgment, the Settlement nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against Defendants or any of the other Released Parties of any admission of fault, culpability, negligence, wrongdoing, or liability whatsoever.

25. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement.

26. The Class Representative and all Settlement Class Members are permanently barred and enjoined from prosecuting against Defendant and the Releasees as defined in Paragraph 2.31 of the Settlement Agreement, on any of the Released Claims, defined in Paragraph 2.30 of the Agreement.

27. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

28. The Court will separately enter a Judgment and Dismissal of this Action, subject to the Court's continuing jurisdiction and consistent with the terms of this Order.